## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                                    Criminal No. 11-354 PJS/AJB

                              Plaintiff,

v.                                                    **REPORT AND RECOMMENDATION**

SHAWN MICHAEL OLTHOFF,

                              Defendant.


      Thomas M. Hollenhorst, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

      Richard J. Malacko, Esq., for the defendant, Shawn Michael Olthoff.


      This action came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on December 15, 2011, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415.  The court issued an Order on Motions dated December 16, 2011, reserving defendant Shawn Michael Olthoff's motion for transfer of venue for submission to the district court on report and recommendation.

      Based upon the file and documents contained therein, along with the motion and arguments of counsel, the magistrate judge makes the following:

**Report and Recommendation**

      The indictment in this matter charges defendant Shawn Michael Olthoff with two separate counts of assault upon a federal law enforcement officer in violation of 18 U.S.C. §§ 111(a) and (b).  Each count alleges that on October 28, 2011, the defendant used a motor vehicle to assault a different Deputy United States Marshal while the deputy was engaged in official duties.  In his motion for change of venue the defendant asserts that both law enforcement

officers referenced in the indictment are Deputy U.S. Marshals from the District of Minnesota, and therefore, there is sufficient prejudice against the defendant in this venue so as to preclude a fair and impartial trial.  At hearing defense counsel noted that it is the responsibility the U.S. Marshals to provide security for the federal judges in this district.  However, the defendant does not allege prejudice on the part of the judges, and has not moved for recusal, but rather, he asserts that jurors in this venue would be prejudiced against the defendant in light of the duties of the Deputy U.S. Marshals.

Defendant's motion merely recites Rule 21(a) of the Federal Rules of Criminal Procedure, which states:

> Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

The defendant's motion contains no particularized facts to support either a claim of prejudice in the district or the assertion of inability to obtain a fair and impartial trial in this district.  There is no evidence to suggest the possibility of judicial prejudice beyond whatever inferences may be drawn from the existence of an employment association between the federal judiciary and the U.S. Marshal's Service, and that association exists in all federal venues.  There is no claim that the alleged victim deputies are personally well-known to the assigned district court judge, and while such a circumstance might support a judge's recusal, it does not necessarily support transfer of venue outside the district.  In any event, defense counsel expressly stated that judicial prejudice was not the grounds for the motion.  As to a possible jury bias, there is no evidence of publicity relating to this case or the underlying incidents, and there is no indication of particular

2

or excessive notoriety associated with the case which could taint the jury pool.  Meanwhile,

jurors are subject to voir dire and individuals jurors can be challenged upon showing of bias.

There is simply no evidence of prejudice or inability to receive a fair impartial trial that requires

the transfer of this action to a venue other than the District of Minnesota and the motion should

therefore be denied.  See United States v. Gamboa, 439 F.3d 796 (8th Cir. 2006)(no abuse of

district court discretion to deny change of venue because of pretrial publicity where proper

precautions were taken to ensure jury was impartial).

Based upon the foregoing discussion, the magistrate judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Shawn Michael Olthoff's Motion

for Transfer for Trial pursuant to Rule 21 be **denied** [Docket No. 17].


Dated:   December 19, 2011


 s/ Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written
objections which specifically identify the portions of the Report to which objections are made
and the bases for each objection.  This Report and Recommendation does not constitute an order
or judgment from the District Court and it is therefore not directly appealable to the Circuit
Court of Appeals.  Written objections must be filed with the Court before January 2, 2012.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. §
636 to review a transcript of the hearing in order to resolve all objections made to this Report
and Recommendation, the party making the objections shall timely order and file a complete
transcript of the hearing within 14 days of receipt of the Report.